IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANGELA ARENIVAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-0893-O-BP |
| | § | |
| TRUE WORTH PLACE | § | |
| PRESBYTERIAN NIGHT SHELTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Angela Arenivas ("Plaintiff") filed this civil case on September 19, 2024. ECF No. 1. On that same day, the case was preliminarily assigned to the undersigned under Special Order No. 3. ECF No. 3. On September 24, 2024, the Court ordered Plaintiff to pay the applicable filing fees or file a completed long-form *in forma pauperis* ("IFP") application on or before October 8, 2024. ECF No. 5. The Court further cautioned Plaintiff that "failure to timely pay the applicable fees or submit a fully completed IFP application by October 8, 2024, could result in dismissal of this case without further notice." *Id.*

On October 3, 2024, the Court received notification of "mail returned as undeliverable" from the Order and Notice of Deficiency that the Clerk of Court mailed to Plaintiff (ECF Nos. 5, 6). The Notice and Instructions to *Pro Se* Party, which the Clerk mailed to Plaintiff after she filed suit here, advised her of the requirement to keep the Court informed of any change of address. ECF No. 4. Specifically, the Notice and Instructions provided, "You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." *Id*.

When Plaintiff took no action in response to the Court's previous orders, the Court then ordered her to show cause on or before October 31, 2024, why she did not pay the filing fee or file a response to the Court's previous order. ECF No. 7. Finally, on October 29, 2024, the Court ordered Plaintiff to file a notice of address change on or before November 1, 2024, because the Court's previous mail was returned as undeliverable. ECF No. 8. The Court further cautioned Plaintiff that "this case may be dismissed for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice." *Id*. As of the date of this Order, Plaintiff has not paid the fee or filed a response to the IFP deficiency notice, nor has she filed a notice of address change.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes. *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007). Plaintiff has not updated her address, so the litigation cannot proceed as the Court has no means to communicate with him. *Turner v. Texas*, No. 3:20-cv-1669-X-BT, 2020 WL 6747387, at *1 (N.D. Tex. Oct. 28, 2020), *rec. adopted*, 2020 WL 6741653 (N.D. Tex. Nov. 16, 2020).

Despite multiple clear warnings that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Plaintiff did not comply with the Court's orders or file a pleading explaining why she did not do so. Absent compliance with the Court's orders, this

case cannot proceed. Because nothing indicates Plaintiff's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on November 4, 2024.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE